■ Lawrence J. Zambraski et al., Plaintiffs, v. Albert Eller et al., Defendants and Third-Party Plaintiffs-Respondents. Joseph Zambraski, Third-Party Defendant-Appellant.— In a negligence action to recover damages for personal injuries sustained by the infant plaintiff and for medical expenses,

loss of services and property injuries sustained by his father, the father, as third-party defendant, appeals from an order of the Supreme Court, Suffolk County, entered April 4, 1973, which denied his motion to dismiss the third-party complaint for failure to state a cause of action. Order reversed, on the law, with $20 costs and disbursements, and motion granted. The incident giving rise to the primary action was a collision occurring on July 24, 1972, at about 3:40 P.M., between a motorcycle owned by the plaintiff father and operated by his son and an automobile operated by defendant Albert Eller in furtherance of the interests of the defendant owner, the United Jewish Appeal, Inc. The third-party complaint interposed by defendants asserts that in the event they are found liable to plaintiffs, they would be entitled to recovery against the father to the extent that he had contributed to the happening of the accident. It is alleged therein that the father's negligence consisted of permitting his infant son (20 years of age) to operate the motorcycle, supplying his son with a dangerous instrumentality, permitting his son to operate the motorcycle without proper instruction or experience, permitting his son to operate the motorcycle while the son did not hold a New York State operator's license, permitting an unlicensed driver to operate a vehicle upon the roadways of the State of New York, failing to supervise the son properly, maintaining a defective motorcycle and allowing the motorcycle to be operated without lights; and further that the son was negligent in operating the motorcycle at an excessive and dangerous rate of speed and without proper lights. Special Term denied the father's motion to dismiss the third-party complaint, on the ground that section 388 of the Vehicle and Traffic Law makes an owner liable for the negligence of the person operating the vehicle with his consent in actions brought by third persons against the owner. We are of the opinion that the third-party complaint fails to state a cause of action. If the infant plaintiff were found negligent in the operation of the motorcycle, application of the doctrine of contributory negligence would defeat both his action and the derivative causes of the father. Defendants' request for apportionment of damages by way of the third-party complaint would thereby be rendered moot. Gulotta, P. J., Martuscello, Shapiro and Cohalan, JJ., concur; Hopkins, J., concurs in result, on constraint of *Lastowski* v. *Norge Coin-O-Matic* (44 A D 2d 127).